[Civ. No. 17314.   Second Dist., Div. One.   May 9, 1950.]

AMELIA B. SLAVIN, Appellant, v. CITY OF GLENDALE et al., Respondents.

Paul S. Crouch for Appellant.

Henry McClernan, City Attorney, and John W. McElheney, Deputy City Attorney and City Prosecutor, for Respondents.

DORAN, J.—The appeal herein is from a judgment entered after the sustaining, without leave to amend, of a demurrer to the third amended complaint. Plaintiff's complaint alleges damages resulting from an assault and battery committed by certain police officers of the city of Glendale. To the original complaint, defendants demurred on the ground that the city was not liable for the type of tort alleged, and that plaintiff had not filed a verified claim for the damages, as required by the city charter and ordinance. This demurrer was sustained.

Likewise a demurrer was sustained to an amended complaint, the second count of which named the individual defendants without specifying them as police officers of the city. A second amended complaint was held demurrable without leave to amend as to the city, and with leave to amend in respect to the individual defendants. This complaint, in the first count made additional allegations of estoppel to excuse plaintiff's failure to file a written claim. Thereafter a third amended complaint was filed similar to the preceding pleading except that the city of Glendale was no longer named as a defendant; the factual basis for an estoppel was expanded, and in the second count the allegation that the individual defendants were ''of the city of Glendale,'' was omitted. Demurrer thereto was sustained without leave to amend. Judgment was then entered for the respondents.

As stated in appellant's brief, the first question involved in this appeal is, ''Did the failure of the appellant to file a claim with the City of Glendale and its officers preclude the appellant from maintaining her first cause of action?'' Amplifying this point appellant argues that ''the claim she has against the respondents is not the usual ordinary type of claim which should (under the city ordinances) be filed''; that it has been held in other states that in certain exceptional cases, nuisance, for example, plaintiff could maintain action although the required claim had not been filed. Appellant cites no California cases on the subject, and the cases from other states are in no manner similar to the present litigation.

Answering this contention, respondents quote article XI, section 5 of the charter of the city of Glendale, as amended, providing that ''No action shall be brought on *any claim or demand for money or damages* against the City or any Board, Commissioner or officer thereof, until a demand for the same has been presented as provided in this Charter or by ordinance and rejected in whole or in part.'' (Italics added.) Ordinance No. 2100 enacted June 27, 1946, provides that ''All claims for

damages, founded in tort," against the city "or any board, commissioner, officer or employee, must be in writing, verified and presented to the City Clerk, and to the . . . officer or employee against whom it is intended to bring the action, within ninety (90) days after the tort from which the damages arose"; further that "No action shall be brought against the City . . . or any . . . officer or employee thereof" unless such claim has been presented as required, and rejected in whole or in part.

Various cases are cited in respondents' brief sustaining the validity of these requirements, such as *Kornahrens* v. *City and County of San Franicsco,* 87 Cal.App.2d 196 [196 P.2d 140]. In *Cathey* v. *City and County of San Francisco,* 37 Cal.App. 2d 575, 576 [99 P.2d 1109], the court says: "The language of the charter section is plain and requires no interpretation or construction. . . . such demand is a condition precedent to the action and a complaint failing to allege demand fails to plead a cause of action." In construing a similar statute requiring filing of a claim, it was said in *Huffaker* v. *Decker,* 77 Cal.App.2d 382, 389 [175 P.2d 254], that "The statute merely places upon him (plaintiff) a reasonable procedural requirement to the maintenance of his action."

█ As appellant's second point it is argued that assuming the necessity for filing a claim as a prerequisite to bringing action, "it is respectfully submitted that appellant has plead in her first cause of action sufficient facts to show an estoppel against the respondents." In Paragraph V of the third amended complaint it is alleged that plaintiff "intended to file a claim with the City of Glendale and officers thereof, . . . That the said officers were fully advised of her grievance . . . and that Plaintiff requested of said officials . . . what procedure she should take and said officials . . . advised the Plaintiff that her claim could be adjusted and settled and advised her to wait and see what would develop. That said officials did not advise the Plaintiff to file a written, verified claim . . . but assured her that her grievance . . . would be properly taken care of," and that plaintiff relied upon such representations.

Appellant bases her estoppel argument upon the case of *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], in which the governmental agency was held estopped by the acts of its agents from setting up plaintiff's failure to file a claim within the required 90-day period. In that case a formal claim was filed but not within the proper

period. The Farrell case refers to *Redlands School District* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 490], and appellant emphasizes the following language of Justice Carter in a concurring opinion in the latter case: "I concur in the conclusion . . . upon the sole grounds that a failure to file a claim as required by Section 2801 of the School Code is not a jurisdictional prerequisite to the commencement of an action."

In the Farrell case it appears, as noted in respondents' brief, that "the agents had obtained a full statement from plaintiff, advised her not to employ counsel and told her she could wait until she knew the extent of her injuries before she stated the amount she claimed." Respondents also call attention to the fact that there is no jurisdictional question here involved, hence, the remarks of Justice Carter in the Redlands case furnish no authority for appellant's contention. And in the majority opinion of the Redlands case at page 358 it is said: "Any plaintiff, therefore, must fulfill the mandatory requirement that a verified claim be filed as a prerequisite to maintaining a suit." At page 360 of the Redlands case the court says: "That requirement, however, is one which goes to the elements of the plaintiff's right to recover rather than to the power of the court. Judgment in favor of the plaintiff in the absence of such a claim is a grievous error of law and a violation of statute."

In *Johnson* v. *County of Fresno*, 64 Cal.App.2d 576 [149 P.2d 38], the court held that the doctrine of equitable estoppel had not been extended to completely excuse the filing of the required claim but only to excuse the filing within the required period in a proper case. The court in the Johnson case said: "If plaintiff had filed a claim within a reasonable time thereafter he would have brought himself within the Farrell case. This he did not do."

█ Finally, appellant contends that the second cause of action, which was added after sustaining of a demurrer to the original complaint, states a cause of action against the defendants as individuals; therefore, appellant should have been permitted to go to trial on that issue. It will be recalled that the original complaint stated but one cause of action,—against the defendant city and its police officers acting in an official capacity. The new cause of action against the individual defendants alleged the same acts of assault and battery but omitted the allegations that such persons were acting as police officers. By so doing it was obviously sought to by-pass the controversy concerning plaintiff's failure to file a claim.

Respondent's brief answers the above contention by quoting from *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358], as follows: "If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation without explanation, in a later pleading." Likewise in *Neal* v. *Bank of America,* 93 Cal.App.2d 678, 681 [209 P.2d 825], the court says: "Plaintiff's so-called 'amended complaint' consists solely of a mere recitation, in two separate but substantially identical paragraphs, of the common count in the original complaint. No attempt is made to state new facts, or to state the facts more fully, or to bring in any new parties. . . . Facts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation."

Careful examination of the record and briefs herein fails to disclose any reversible error. Appellant's threefold argument to the effect that the filing of a claim for damages as required by charter and ordinance, was not a necessary prerequisite to bringing action; that if necessary, the defendants are estopped to assert such defense; and that in any event the action should be allowed to go to trial against the police officers as individuals, is not persuasive in any of its several parts.

The basic fact which must be recognized is that plaintiff's cause of action, however stated, was one for assault and battery committed by police officers of the city of Glendale. Plaintiff did not and could not allege that the required claim had been filed as required by the law, either within the 90-day period or at any other time. In an attempt to state a cause of action plaintiff drafted three different complaints which were substantially similar, to which demurrers were successively sustained. As stated in respondent's brief, "appellant should not be allowed to breathe life into a complaint by omitting facts, previously alleged in a verified pleading, which made it fatally defective."

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 31, 1950, and appellant's petition for a hearing by the Supreme Court was denied July 6, 1950. Carter, J., and Schauer, J., voted for a hearing.