[Civ. No. 17380. Second Dist., Div. Three. Sept. 18, 1950.]

MAUDE KLIMPER, Appellant, v. CITY OF GLENDALE et al., Respondents.

Paul S. Crouch for Appellant.

Henry McClernan, City Attorney, and John W. McElheney, Deputy City Attorney and City Prosecutor, for Respondents.

WOOD (Parker), J.—Plaintiff appeals from a judgment in favor of defendants city of Glendale, Charles R. Dyer (Police Judge of Glendale), and five police officers of Glendale, which judgment was entered upon orders sustaining, without leave to amend, demurrers of said defendants. The demurrers of the first two defendants above mentioned were to the second amended complaint. The demurrers of the other defendants above mentioned were to the third amended complaint. Plaintiff also appeals from a judgment in favor of another defendant, Marshall B. Everett, entered upon an order sustaining, without leave to amend, his demurrer to the third amended complaint.

It was alleged in the second amended complaint as follows: The city of Glendale is a political subdivision of California. Defendant Dyer at all times mentioned therein was a police judge of the city of Glendale. Defendant Rassmussen at all times therein mentioned was chief of police of said city. Defendant Hegi at said times was a captain of police of said

city. Defendants Bullock, Dieffenbach, Kelley, and Stenberg at said times were police officers of said city and were acting under the supervision of defendants Rassmussen and Hegi. On October 27, 1947, defendant Everett filed a complaint in the police court of said city, a copy of which is attached to the third amended complaint and marked exhibit A. (Said exhibit A was entitled ''The People of the State of California, Plaintiff -vs- Maude Klimper, Defendant, Complaint—Criminal,'' and it was alleged therein in substance in count 1 that said Maude Klimper on October 26, 1947, in the city of Glendale did unlawfully, while driving a motor vehicle on San Fernando Road, a public highway in said city, and intending to make a left turn at Princeton Street, an intersecting highway, make the approach for such left turn from a portion of the roadway at a place other than the portion nearest the center line thereof. It was also alleged therein in substance in count 2 that said defendant Klimper on October 26, 1947, in said city did unlawfully, while driving a motor vehicle on San Fernando Road, turn said vehicle from a direct course at a time when such movement could not be made with reasonable safety, and without giving the appropriate signal provided for in subdivision (b) of section 544 of the Vehicle Code. The said ''Complaint — Criminal'' was signed by said defendant Everett.) Plaintiff alleged upon information and belief that defendant Everett filed said complaint at the request of defendant Stenberg. On October 28, 1947, pursuant to said complaint, defendant Dyer, Police Judge of Glendale, issued a warrant of arrest, and pursuant to said warrant the defendants Bullock, Dieffenbach and Kelley, acting under the direction of defendants Rassmussen and Hegi, arrested plaintiff and incarcerated her in the city jail; that defendants Rassmussen, Hegi, Bullock, Dieffenbach and Kelley refused to let plaintiff communicate with an attorney, bail bond broker, or any of her relatives or friends and plaintiff therefore was unable to ''raise bail'' until the morning of October 29, 1947. Defendant Dyer set the bail in the amount of $100, which bail was disproportionate to the offense involved. Said warrant was issued in violation of provisions of section 739 of the Vehicle Code ''in that if an offense had been committed it was in the presence of Defendant W. R. Stenberg, and of which he was aware.'' Plaintiff was not at any time prior to her arrest given a notice to appear pursuant to provisions of section 739 of the Vehicle Code, and defendants did not comply with any of the provisions of said section,

and "the Complaint issued by said defendant was a misdemeanor" and an alleged violation of the provisions of the Vehicle Code, and that section 739 of the Vehicle Code "was the only statute applicable for procedure for the alleged violation." Defendants and each of them acted wilfully and with malice and intent to degrade, humiliate and embarrass plaintiff, and the defendants knew that the warrant was not issued pursuant to the provisions of said section 739. Within 90 days from October 27, 1947, plaintiff did present to the city of Glendale a claim. By reason of the aforesaid acts plaintiff suffered shock and humiliation which affected her health and she was unable to work for a period of time and by reason thereof she has sustained actual damages in the sum of $25,000, and plaintiff asks for an additional $25,000 as exemplary damages.

For a further and separate cause of action it was alleged therein as follows: (Paragraph I.) Plaintiff incorporates all of the said allegations of her first cause of action, above stated, as though set out verbatim. (Paragraph II.) Within 90 days from October 28, 1947, plaintiff did present her claim to the city of Glendale "in that she contacted Joseph F. Baudino who was Mayor during this period of time, Vernon Rassmussen, the Chief of Police, who was acting during this period of time, and G. A. Campbell who was a Councilman of the City of Glendale during this period of time. That these Officials of the City of Glendale were fully advised of her grievance against the City of Glendale and Officials thereof, and requested of them what procedure she should take and they did not advise her to file a written verified claim with the City of Glendale, but told her to wait and see what would develop. That the City of Glendale is now estopped to assert as a defense the fact that the Plaintiff should have filed a verified claim as provided by their City ordinance, and that the Plaintiff relied upon the statements made by the Officials of the City of Glendale that they would wait and see what developed."

The third amended complaint was in substance the same as the second amended complaint, with the following exceptions: (1) The City of Glendale and Charles R. Dyer were not parties thereto; (2) Paragraph II of the second amended complaint was omitted from the third amended complaint, and in lieu thereof it was alleged as follows: Within 90 days from October 28, 1947, the "Plaintiff did present her claim to the

City of Glendale and the officers who are referred to in this Complaint, and that she contacted one, Joseph F. Baudino who was the Mayor of the City of Glendale during this period of time, and also contacted Vernon Rassmussen, Chief of Police of the City of Glendale who was Chief of Police during this period of time, and Charles E. McCall who was the City Manager of the City of Glendale during this time, and the Plaintiff also contacted G. A. Campbell who was a member of the City Council of the City of Glendale during this time, and she advised these Officials of the City of Glendale that she intended to file a claim with the City of Glendale and the officers thereof, and that she later intended to file a suit against the City of Glendale and the officers involved. That the said officials were fully advised of her grievance against the City of Glendale and the officials and police officers thereof, and the Plaintiff requested of said officials, Joseph F. Baudino, Vernon Rassmussen, G. A. Campbell, what procedure she should take and said officials, just named, advised the Plaintiff that her claim could be adjusted and settled and advised her to wait and see what would develop. That the said officials did not advise the Plaintiff to file a written, verified claim with the City of Glendale or the officers or officials thereof, but assured her that her grievance against the City of Glendale and against the officials and officers thereof would be properly taken care of. That the Plaintiff believed and relied upon the said representations and assurances, and therefore failed to file a written, verified claim with the City of Glendale and the officials and officers thereof within the ninety (90) day period as set up by the City Ordinance and Charter of the City of Glendale. That had the officials of the City of Glendale, aforenamed, not made the representations and given said assurances, and had the Plaintiff been advised to file a written, verified claim she would have filed her claim with the City of Glendale and the officials and officers within the ninety (90) day period. That the Plaintiff was not fully advised by the aforesaid officials or anyone that it was necessary to file a claim with the City of Glendale and with the officials thereof, until after the ninety (90) day period had elapsed. The Plaintiff brought this action as soon as it became apparent to the Plaintiff that the City of Glendale and the officials or officers thereof were not going to make any adjustment or settlement of her claim against the City of Glendale or the officials or the officers thereof.''

The demurrers of all defendants except Everett were made

upon the ground, among others, that it appeared that plaintiff's alleged causes of action were barred by article XI, section 5, of the charter of the city of Glendale and ordinance 2100 of said city in that plaintiff had not filed a verified claim for damages as required by said article and section of the city charter and by said ordinance. Said article XI, section 5, of the charter of the city of Glendale provides in part: "No action shall be brought on any claim or demand for money or damages against the City or any Board, Commission or Officer thereof, until a demand for the same has been presented as provided in this charter or by ordinance and rejected in whole or in part." (Stats. 1921, p. 2221.) ▆ Courts take judicial notice of the provisions of a city charter such as the one involved here. (See *Tilden* v. *Blood,* 14 Cal.App.2d 407, 413 [58 P.2d 381]; *Adams* v. *Wolff,* 84 Cal.App.2d 435, 440 [190 P.2d 665].) There is no provision in the charter as to the manner, form, or time in which such a demand should be presented. The court cannot take judicial notice of a municipal ordinance. The plaintiff alleged in her third amended complaint, however, in the part thereof relating to estoppel as shown above, that she believed and relied upon representations of certain officers of Glendale "and therefore failed to file a written, verified claim with the City of Glendale and the officials and officers thereof within the ninety (90) day period as set up by the City Ordinance and Charter of the City of Glendale." ▆ It appears therefore, from that allegation, and from other above mentioned allegations in said complaint, that plaintiff alleged in effect that an ordinance and the charter of the city of Glendale provided that such a claimant as plaintiff should file a written, verified claim with the city of Glendale and the officials and officers thereof within 90 days from the date of the alleged injury. In her second amended complaint, plaintiff alleged: "That the City of Glendale is now estopped to assert as a defense the fact that the Plaintiff should have filed a verified claim as provided by their City ordinance. . . ." Furthermore, it appears from the briefs of the appellant (plaintiff) and the respondents that this appeal is presented upon the basis that ordinance 2100 of the city of Glendale, relating to claims for damages against the city or an officer thereof, was properly before the trial court. A copy of that ordinance was attached to the demurrers. As stated in appellant's brief, the first question involved on this appeal is "Did failure of the appel-

lant to file a claim with the respondents preclude her from maintaining her causes of actions?'' Appellant then asserts in her brief as follows: ''To this question the appellant respectfully submits that her failure to file a written claim as required by the ordinance of the City of Glendale did not foreclose her from bringing the type of action that she filed. The first reaction after reading the City ordinance. . . .'' Ordinance No. 2100 of the City of Glendale is in part as follows: ''Section 1. All claims for damages, founded in tort, against the City of Glendale . . . or any . . . officer or employee, must be in writing, verified and presented to the City Clerk, and to the . . . officer or employee against whom it is intended to bring action, within ninety (90) days after the tort from which the damages arose. . . . Section 2. No action shall be brought against the City of Glendale or against . . . any . . . officer or employee thereof unless a claim has been presented as required by section 1 of this ordinance, and such claim has been rejected in whole or in part.'' A case involving the same charter provision and the same ordinance, as those involved here, is *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407 [217 P.2d 984]. In that case a demurrer to the third amended complaint was sustained without leave to amend. In affirming the judgment therein, the court said at page 411: ''Plaintiff did not and could not allege that the required claim [required by the charter of Glendale and said ordinance 2100] had been filed as required by the law, either within the 90-day period or at any other time.'' The presentation of a written, verified claim, as required by said charter and ordinance, is a condition precedent to maintaining an action against the city of Glendale or an officer thereof upon a claim for damages founded in tort. (See *Slavin* v. *City of Glendale, supra.*)

Appellant contends further that she alleged sufficient facts to show that respondents city of Glendale and officers were estopped to rely upon the provisions of the charter and the ordinance with reference to presenting a claim. Appellant cites certain cases in which the doctrine of estoppel was applied. It is to be noted that in each of those cases a claim had been filed but it was not filed within the time provided by law for filing such claim. In the present case no claim has been filed. Sufficient facts were not alleged to excuse appellant's failure to file a claim.

As to the demurrer of respondent Everett, the appellant makes no argument in her briefs other than to state that

the arguments of the other respondents relative to filing a claim were not applicable to respondent Everett. As to him, of course, it is not necessary that such a claim be filed. According to the third amended complaint, the basis of the alleged cause of action against respondent Everett is that he signed the complaint wherein plaintiff herein (Mrs. Klimper) was charged with violating the Vehicle Code. It was not alleged therein that there was no probable cause for his act in signing that complaint. No cause of action was stated as to respondent Everett. Plaintiff had filed three amended complaints.

By reason of the above conclusions it is not necessary to discuss other contentions of respondents.

The judgments are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied October 11, 1950, and appellant's petition for a hearing by the Supreme Court was denied November 16, 1950.