[Civ. No. 22256.   Second Dist., Div. Two.   Sept. 6, 1957.]

CARL WHITSON, Appellant, v. GEORGE LaPAY, Respondent.

Carl Whitson, in pro. per., for Appellant.

Walhfred Jacobson, City Attorney (Long Beach), and John R. Nimocks, Deputy City Attorney, for Respondent.

RICHARDS, J. pro. tem.*—This is an appeal by plaintiff from a summary judgment in favor of defendant. . .

· The plaintiff's complaint alleges that the defendant, a duly appointed police officer of the city of Long Beach, while on duty as such police officer, assaulted the plaintiff causing him personal injuries for which the plaintiff seeks to recover dam-

*Assigned by Chairman of Judicial Council.

ages. Defendant answered the complaint with a general denial and, as an affirmative defense, alleged the failure of the plaintiff to file a verified claim with the city of Long Beach before the commencement of suit as required by Ordinance Number C-1436 of that city.

Defendant thereafter moved for a summary judgment, and in support thereof filed the affidavit of the city clerk of the city of Long Beach, setting forth Ordinance Number C-1436, the pertinent portions of which are as follows:

"Sec. 7. No suit for damages or money shall be brought against any officer, agent, employee, board member or commission member until a claim for such damages or money has been served upon such officer, agent, employee, board member or commission member, and a copy of such claim filed with the City Clerk of the City of Long Beach.

"Sec. 8. The claim shall be in writing, shall be signed and verified by the claimant, and shall give the claimant's post office and residence address. The claim shall state the time, place and manner in which the claim arose, the nature and extent of the injury or damages claimed, and all other details necessary to a full consideration of the merit and legality of such claim. If the claim consists of more than one item, the claim must be fully itemized.

"Sec. 9. Any claim for damages or money against any officer, agent, employee, board member or commission member must be served upon such person, and a copy thereof filed with the City Clerk of the City of Long Beach within ninety (90) days after the occurrence or the accident from which the damages or claim for money arose."

Defendant filed his own affidavit to the effect that he had not been served with nor had he received by mail or otherwise any statement of the claim against him. The plaintiff filed a counteraffidavit alleging that he mailed "a notice of injury" to the defendant soon after the injury was inflicted and also alleging that he "mailed to the City of Long Beach, California, a copy of a Claim" which was mailed to the defendant, to the chief of police and to the city manager. The plaintiff's affidavit further states "That said notice advised the said City and the defendant, George LaPay, of all the facts necessary to have an investigation. An investigation was held by said City Manager. A copy of said Notice is now in the hands of the City Attorney." The plaintiff's affidavit is notably devoid of a direct allegation of compliance with the ordinance. In response to plaintiff's counteraffidavit the defendant filed an

affidavit of the deputy city attorney setting forth *in haec verba* the document signed by the plaintiff and directed to the chief of police and the city manager. This unverified document complains of defendant's conduct and relates in some detail his acts and that injuries resulted therefrom, and states "After my doctor and myself have decided to what extent I am injured I will, of course, file a claim with the City of Long Beach, California, for the damages."

In *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, the court said at page 562 [277 P.2d 464]:

"The obvious purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned."

█ The rules applicable to a motion for summary judgment under section 437c of the Code of Civil Procedure are stated in *Desny* v. *Wilder*, 46 Cal.2d 715, at page 725 [299 P.2d 257], as follows:

"The principles to be observed in proceeding under that section are stated as follows in *Eagle Oil & Ref. Co.* v. *Prentice* (1942), 19 Cal.2d 553, 555-556 [122 P.2d 264]: The issue to be determined by the trial court in ruling upon a motion for summary judgment is whether or not the party opposing the motion 'has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citations.] . . .
█ [T]he better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]' (See also *Gardner* v. *Jonathan Club* (1950), 35 Cal. 2d 343, 347 [217 P.2d 961]; *Hardy* v. *Hardy* (1943), 23 Cal. 2d 244, 245 [143 P.2d 701]; *Walsh* v. *Walsh* (1941), 18 Cal.2d 439, 441 [116 P.2d 62].) █ A summary judgment is proper only if the affidavits in support of the moving party 'would be sufficient to sustain judgment in his favor, and . . . [his opponent] does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." [Citations.]' (*Coyne* v. *Krempels* (1950), 36 Cal.2d 257, 261 [223 P.2d

244].) In other words, the affidavits are to be construed with all intendments in favor of the party opposing the motion—here, plaintiff.''

■ Construing the plaintiff's affidavit in opposition to the defendant's motion in accordance with the stated rule, it does not appear that a triable issue of fact is presented relating to the filing of a verified claim complying with the ordinance provisions above quoted. The question then presented is whether the filing of a verified claim as a condition precedent to filing suit as required by the ordinance provisions is essential to a recovery by the plaintiff. The question must be answered in the affirmative. In *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407 [217 P.2d 984] (hearing den.), the plaintiff sued for damages resulting from an assault and battery committed by certain police officers of the city of Glendale. The charter of that city provided that ''No action shall be brought on any claim or demand for money or damages against the City or any Board, Commissioner or officer thereof, until a demand for the same has been presented as provided in this Charter or by ordinance and rejected in whole or in part.'' And by ordinance it was provided that ''All claims for damages, founded in tort,'' against the city ''or any board, commissioner, officer or employee, must be in writing, verified and presented to the City Clerk, and to the . . . officer or employee against whom it was intended to bring the action, within ninety (90) days after the tort from which the damages arose.'' The ordinance further provided that ''No action shall be brought against the City . . . or any . . . officer or employee thereof'' unless such claim has been presented as required, and rejected in whole or in part. In affirming a judgment which sustained a demurrer without leave to amend, the court said at page 411: ''Plaintiff did not and could not allege that the required claim had been filed as required by the law, either within the 90-day period or any other time.''

*Klimper* v. *City of Glendale*, 99 Cal.App.2d 446 [222 P.2d 49] (hearing den.), involved a suit against police officers of the city of Glendale and judgments for defendants were affirmed on orders sustaining demurrers without leave to amend for failure to allege compliance with the charter and ordinance provisions of the city of Glendale as set forth in *Slavin* v. *City of Glendale*, *supra*. The court said at page 452: ''The presentation of a written, verified claim, as required by said charter and ordinance, is a condition precedent

to maintaining an action against the city of Glendale or an officer thereof upon a claim for damages founded in tort."

Appellant contends that inasmuch as this action is not based on negligence, the filing of a claim is unnecessary by reason of the provisions of Government Code, section 1981. ■ It is well settled that section 1981 embraces only negligence actions and not intentional torts such as alleged in the complaint herein. However, the necessity of the filing of a claim in this action for an alleged intentional tort is governed by the Long Beach City ordinance and not by Government Code, section 1981. We have concluded that the rule announced in *Wilson* v. *Beville*, 47 Cal.2d 852 [306 P.2d 789], dealing with the necessity of filing claims under city ordinances or charters for compensation for damages for inverse condemnation, is not applicable to the matter before us as it does not appear that the state has preempted the field in the matter of filing claims as a condition precedent to suit in the case of intentional torts. Appellant apparently contends that the court improperly took judicial notice of the Long Beach ordinance. ■ Acts of a municipal corporation may be proved by a copy certified by the legal keeper thereof (Code Civ. Proc., § 1918, subd. 5) and a copy of a public writing, certified by the public officer having custody thereof, is admissible in evidence with like effect as the original writing (Code Civ. Proc., § 1893). The Long Beach ordinance was properly established in accordance with the foregoing statutory provisions.

■ After one continuance, the motion for summary judgment came on for hearing on July 11, 1956, upon the affidavits of the respondent only. The matter was argued by both parties and continued until July 18, 1956, with each party being privileged to file additional affidavits and, on July 16, 1956, plaintiff filed his counteraffidavit above referred to. On the same date he filed a notice of motion to be heard on August 22, 1956, for permission "to present further cases, affidavits, authorities, and oral arguments . . ." On July 18, 1956, the date to which the motion for summary judgment was continued, the court granted the motion. Appellant now contends that the court erred in deciding the motion for summary judgment while appellant's motion was pending. A continuance of a pending motion may not be had by the simple expedient of filing a notice of motion such as was filed by the appellant and the court did not err in acting upon respondent's motion on July 18, 1956.

Finally, appellant contends that he substantially complied with the provisions of the Long Beach ordinance even though the document filed by him was not verified and did not give his post office and residence address. The filing of an unverified claim is not a substantial compliance with a statute or ordinance requiring the filing of a verified claim (*Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267, 269 [49 P.2d 320]; *Cooper* v. *County of Butte,* 17 Cal.App.2d 43, 47 [61 P.2d 516]) and the doctrine of substantial compliance is not applicable to a claim which fails to state the claimant's address where the statute or ordinance so requires. (*Eppstein* v. *City of Berkeley,* 52 Cal.App.2d 395, 397 [126 P.2d 365].)

Judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied October 3, 1957, and appellant's petition for a hearing by the Supreme Court was denied November 5, 1957.