[Civ. No. 5628. Fourth Dist. Feb. 28, 1958.]

PETE DIAZ ESTRADA, Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

130

Harold Parichan, Oren, McCartney & Sells and Oren, McCartney, Sells & Edman for Appellant.

Avery, Meux & Gallagher and Kenneth G. Avery for Respondent.

BARNARD, P. J.—The defendant appeals from a judgment in favor of the plaintiff, based upon a judgment obtained by this plaintiff in a prior action against a third party.

The defendant had issued its comprehensive multiple liability policy in which the name of the insured is thus stated: "City of Kerman And Its Officials While Acting Within Their Capacity As Such." The policy contained the usual provisions that written notice of each accident or occurrence should be given to the company, and that if suit was brought the insured should immediately forward to the company every summons or other process received by him. Endorsements Number 1, 2 and 3 were attached to and made a part of the policy when it was issued, and "Endorsement #4" was later added.

On September 20, 1953, William P. Young, a police officer of the city of Kerman, while acting pursuant to his duties as such, inflicted injuries on the plaintiff Estrada. A verified claim for the resulting damages was served on the city by an attorney on behalf of Estrada. This verified claim was transmitted to the defendant company, which caused its

resident adjuster in Fresno to investigate the claim. During the course of this investigation one of the adjusters took a signed statement from Young, at the office of the adjuster in Fresno, and also had a telephone conversation concerning the case with one of the attorneys for the plaintiff. In February, 1954, the adjusters closed the file on said case. In April, 1954, the plaintiff brought an action for damages in the Superior Court of Fresno County, naming only Young as a defendant. Copies of the complaint and summons were served on Young, and admittedly Young did not deliver these copies to the defendant company. No appearance in behalf of Young was made in that action, his default was entered on August 9, 1954, and a judgment for $11,287 was entered in favor of Estrada and against Young on February 18, 1955. That judgment became final and remains fully unsatisfied.

The plaintiff brought the present action pursuant to. the provisions of section 11580 of the Insurance Code. The complaint alleged, among other things, that this policy was in full force and effect at all times mentioned; that Young, while acting as a police officer and official of the city of Kerman, negligently struck the defendant on the head with a blackjack causing certain injuries; that the plaintiff had brought an action for damages against Young and obtained a judgment which had become final; that Young was and is insolvent and unable to pay any part of said judgment; that demand had been made upon the defendant under the terms of the policy, and the defendant had refused to pay the amount of said judgment or any part thereof; and that there is now due and owing from the defendant to the plaintiff the amount of the judgment with interest. The defendant answered admitting that it issued this policy which indemnified the city of Kerman and its duly elected officials acting as such against any liability up to the stated amount, and that said policy was in full force and effect on September 20, 1953, but denying that Young ''was an official of the city of Kerman.'' By an amended answer the defendant added an affirmative defense alleging that the defendant had no duty to defend the prior action in that Young did not forward the summons received by him to the company or any of its representatives; and a second affirmative defense alleging that the defendant had no duty to defend the prior action in that Young does not fall within the definition of an insured as set forth in the policy.

At the trial it was stipulated that the insurance policy with

the endorsements attached thereto was issued to the city of Kerman; that said policy and endorsements 1, 2 and 3 were in full force and effect on September 20, 1953; that endorsement number 4 was attached to and made a part of the policy subsequent to that date; that on September 20, 1953, Young was a police officer of the city of Kerman, and while acting as a police officer and pursuant to his duties as such inflicted injuries on the plaintiff, for which injuries the plaintiff recovered the judgment in the prior action; and that prior to the commencement of this action the plaintiff had demanded payment from the defendant, and the defendant refused and still refuses to pay said sum or any part thereof. Other evidence was received at the trial. The court found, among other things, that on September 20, 1953, the said Young was an official of the city of Kerman and was acting within his capacity as such; that Young was an insured under the terms of this policy; that at all times subsequent to the filing of the prior action and the service of summons therein on Young the defendant refused to defend said action on the sole ground that Young was not an official of the city of Kerman and was not an assured, within the meaning of the policy; that it is not true that the defendant had no duty to defend the prior action because Young did not forward the summons received by him to the company or any of its representatives; and that it is not true that the defendant had no duty to defend the prior action in that Young does not fall within the definition of insured as set forth in the policy. As conclusions of law it was found that Young, at the time of inflicting injuries on the plaintiff, was an official of the city of Kerman acting as such and was an insured under the terms of the policy, and that the plaintiff was entitled to judgment against the defendant for the amount of the prior judgment with interest. Judgment was entered accordingly and this appeal followed.

The main question on this appeal is as to whether the plaintiff was covered under this policy which named the city of Kerman "And Its Officials While Acting In Their Capacity As Such," as the insured. The defendant argues that this provision covered only the elected officials of the city; that Young, being a policeman, was merely an employee of the city and not an official within the meaning of the policy; that his power of making arrests would not clothe him with any part of the sovereign power of the government since a private citizen may make arrests under some circumstances; and that within the insurance industry the term "official" is given the

meaning of an "elected" official. In support of these conten-
tions a Wisconsin case and the cases of *Cozzolino* v. *City of
Fontana,* 136 Cal.App.2d 608 [289 P.2d 248] ; *Mason* v. *City
of Los Angeles,* 130 Cal.App. 224 [20 P.2d 84] and *Redding* v.
*City of Los Angeles,* 81 Cal.App.2d 888 [185 P.2d 430], are
cited. The Cozzolino case did not involve this question. In
the Mason case the city charter expressly designated the
officers of the city, and it was held that even if the fireman
there involved was held to be a public officer his office had
become vacant under another provision of the charter. In the
Redding case, the question involved was whether or not a
police officer had been properly removed from his "career"
office.

■ A city may act only through its officials, both elected
and appointed, or through its employees. ■ Both elected
and appointed officials usually have duties and responsibilities
differing from those of a mere employee, and the term "offi-
cer" is often used as synonomous with the word "official."
■ As has been pointed out in many cases the meaning
to be given to the word "official" depends upon the many
and varying conditions and circumstances in connection with
which the word is used. ■ In common use, policemen are
usually referred to as police officers and to that extent at least
they are considered as officers or officials of the city in which
they are employed. ■ In 84 American Law Reports, at page
310, it is said: "On the ground that the principal duty of
policemen is the preservation of the public peace, which is a
matter of public concern, it is generally held that policemen
are public officers." That rule has been generally followed
in this state. In *Logan* v. *Shields,* 190 Cal. 661 [214 P. 45],
the court said: "It clearly follows that as the duty of the
petitioner herein was to regulate traffic upon the public streets
of the county of San Mateo, he was to that extent exercising
a part of the sovereign power of the state and for that reason
was a public officer as distinguished from a mere employee,
such as a street-sweeper or laborers upon the highway." In
*Noble* v. *City of Palo Alto,* 89 Cal.App. 47 [264 P. 529], it is
said: "There is no doubt but that a policeman is an officer.
He is made a peace officer by section 817 of the Penal Code,
and a large part of his duties are such that he must have
authority to act, not as the agent for the state or city, but
by virtue of the office . . . a policeman in the discharge of
his duties does stand in a relationship to the governing author-
ity differing greatly from that of a mere employee or agent,

and that relationship for many purposes is indistinguishable from and may be classified as that of a public officer.'' Other cases supporting the same point of view are *Curtin* v. *State*, 61 Cal.App. 377 [214 P. 1030]; *City of Oakland* v. *Lyckberg*, 95 Cal.App. 71 [272 P. 606]; *Brown* v. *Boyd*, 33 Cal.App.2d 416 [91 P.2d 926]; *Michel* v. *Smith*, 188 Cal. 199 [205 P. 113]; *Schaefer* v. *Superior Court*, 113 Cal.App.2d 428 [248 P.2d 450]; *People* ex rel. *Chapman* v. *Rapsey*, 16 Cal.2d 636 [107 P.2d 388] and *Bennett* v. *Superior Court*, 131 Cal.App. 2d 841 [281 P.2d 285].

▮  In ordinary usage and as commonly understood the words "City of Kerman, And Its Officials While Acting In Their Capacity As Such" would be taken as including appointed officials, and would not normally be considered as intended to refer only to the city and its elected officials. If it is so considered by insurance companies generally, and if it was intended here to be thus limited, it would have been an easy matter for the defendant to have inserted the word "elected" before the word "Officials." Not having done so, the word "Officials" as here used should be interpreted in its broader sense, as commonly understood, and as recognized in many decisions under similar circumstances. That this language of the policy was not considered by the defendant as applying to appointive officers or officials, at the time the policy was written, is indicated by two of the endorsements which were attached to the policy when it was issued. The first of these endorsements provides that it is understood and agreed that the coverage afforded by the policy shall not apply to bodily injury or death "of any volunteer fireman who is injured or killed in the course of activities as a volunteer fireman." This indicates that regular firemen employed by the city would be covered. The second endorsement excluded from coverage property damage arising from blasting, excavating or drilling operations in the streets. The third endorsement excluded from coverage any injury or death caused by or resulting from malpractice or any medical or surgical treatment by any doctor, nurse or any professional attendant. The first and third endorsements would be unnecessary and largely meaningless if the policy had been intended to cover only acts of the elected officials of the city, as distinguished from certain appointed officials, including a city physician. The intention of the city in taking out this policy may be somewhat indicated by endorsement number 4, which was added to the policy after the defendant's agent had notified

136

the city that Young was not covered by the policy. That endorsement provides that, for an additional premium to be determined on audit, the name of the insured is amended to read ''City of Kerman, Its Officials And Its Employees While Acting Within Their Capacity As Such.''

In this connection the defendant further contends that the court erred in striking out the testimony of its manager to the effect that it was a custom in the insurance industry to consider the word ''officials'' as applying only to elected officials and not to employees except in the case of an employee driving a car, in which event he was covered. An offer of proof was also made which related only to the intention of the company and not to the intention of both parties. The rulings of the court on these matters are sustainable on technical grounds but, in any event, no prejudice appears since this could not have affected the result in view of the evidence as a whole. The question as to whether Young was covered by this policy was one of fact for the court, and the court's finding and conclusion thereon are sustained by the evidence and the inferences which could reasonably be drawn therefrom.

The defendant further contends that even if Young was covered by this policy it had no duty to defend the prior suit, and is not liable here, because Young failed to deliver the summons he received to the company or its representatives, or to otherwise give the company notice of that suit. It is argued that the requirement of the policy that this be done was a condition precedent; that the complaint in this action failed to allege performance in this regard or to allege a waiver of such performance; that noncompliance with the condition requiring such notice of suit was pleaded by the defendant and was conclusively established by the evidence; that there was no evidence showing that such performance was waived by the company; and that prejudice conclusively appears since judgment by default was taken in the prior action and the company had no chance to defend that action. In this connection it is further argued that there is no evidence in the record showing that a Mr. Ackley, who signed the original policy and the first three endorsements thereon, was an authorized agent of the company rather than merely a broker.

Most of these contentions are sufficiently answered by the fact that the evidence discloses that the defendant, through its authorized agent, denied any liability in connection with this matter on the ground that Young was not covered by the

policy. There was evidence that a verified claim was filed with the city of Kerman by one of the attorneys for this plaintiff. A Mr. Kristy testified that he was the resident adjuster for the defendant company in Fresno, and that he had had an office there since 1949; that his assistant was Mr. Schmidgall; that a special agent for the defendant and a secretary were also in that office; that he first received notice of the incident involving this coverage in the middle of December, 1953, by receiving a copy of the verified claim filed with the city of Kerman on behalf of Estrada; that this claim was given a company number and assigned to Schmidgall for investigation; that he did not receive a copy of the summons and complaint in the prior action; and that in May, 1954, he learned that a default judgment had been entered in that action. Schmidgall testified that he was an adjuster employed by the defendant company; that in the middle of December, 1953, Kristy assigned this matter to him, handing him a verified claim filed with the city of Kerman; that he went to Kerman, interviewed the chief of police, and made a neighborhood canvass at the scene of the incident; that he took a signed statement from Young at his office on December 23, 1953; that he talked to Ackley about this case; that he must have talked with Ackley before the date of the prior judgment "since he was our agent"; that the file on this case was closed in February, 1954, because "it seemed like a claim of no liability in our opinion. We wished to make no payment"; and that the file on this case was later reopened after it was learned that a default judgment had been entered.

The mayor of the city of Kerman testified that Mr. Ackley was the man who arranged for the issuance of this policy, and that at that time Mr. Ackley did not make any explanation to him or to the city council as to the meaning of the word "officials." The final sentence of this policy states that the defendant company has caused this policy to be signed by its president and secretary "and countersigned by a duly authorized agent of the company." The policy is countersigned "Booth Insurance Agency Edward F. Ackley authorized agent." Each of the three original endorsements attached to the policy is on a printed form of the company, contains a statement that it is not valid unless countersigned by a duly authorized agent of the company, and is countersigned in the same manner as the policy itself by Booth Insurance Agency and Edward F. Ackley as authorized agent. The mayor of Kerman further testified that when the claim was filed against

the city the city clerk or the city chief of police contacted either the company or the Booth Insurance Agency; that in April, 1954, Young told him that he had been sued and asked him if the city's insurance did not cover him; that he told Young that he thought it did but would find out; that he called the Booth Insurance Agency and talked to Edward Ackley; that he told Ackley that Young had been served with papers, and that this was the purpose of calling; that Ackley said he would call the head office and report back; that Ackley called him back that afternoon or the next day, and told him that Young would be considered as an employee and that he was not covered under the policy; and that he conveyed this information to Young. Mr. Young testified that he was told by the mayor, the chief of police, and the city attorney of Kerman that the insurance company said that they did not have him covered. Mr. Schmidgall also testified that the investigating file for this claim indicated that Young came to the adjuster's office on April 30, 1954, with papers and the secretary referred him to the attorney who represented the defendant; that Young had then gone to this attorney's office with a copy of the summons and complaint; that this attorney requested a fee; and that Young did not return to the office of that attorney.

It thus appears that the defendant had full knowledge of the facts and circumstances on which the prior claim was based since it received a copy of the verified claim served and made an investigation, including the taking of a signed statement from Young. It also sufficiently appears that after the prior action was filed the defendant, through its authorized agent, was informed of the filing of that action and denied liability on the sole ground that Young was not covered by the policy. The defendant, having denied liability on that ground, was in no way prejudiced by the fact that the summons etc. was not actually delivered to it. Under these circumstances it would have been an idle act to have forwarded the summons and complaint to the defendant company, and Young was released by the act of the defendant from any obligation for such performance. ■ An insurer may not thus repudiate a policy, deny all liability thereon, and at the same time be permitted to stand on the failure to comply with a provision inserted in the policy for its benefit. (*Grant* v. *Sun Indemnity Co.*, 11 Cal.2d 438 [80 P.2d 996]; *Mercer Casualty Co.* v. *Lewis*, 41 Cal.App.2d 918 [108 P.2d 65]; *Comunale* v. *Traders & General Ins. Co.*, 116 Cal. App.2d

198 [253 P.2d 495]; Civ. Code, § 1440, Ins. Code, § 554.) Under the circumstances shown here the complaint was sufficient to state a cause of action. The claim with respect to the failure to forward the summons and complaint was raised as an affirmative defense in the defendant's answer, and the usual rule that a waiver must be alleged in the complaint is not applicable. The finding to the effect that the defendant denied liability on the sole ground that Young was not an official of the city of Kerman within the meaning of this policy, and that he was not an insured under the terms of the policy, is supported by the evidence. There is no merit in the contention that Ackley was not sufficiently shown to be an authorized agent of the defendant. No attempt was made to prove that Ackley was not an authorized agent of the company at the time in question, and the only reasonable inference from the evidence is that the defendant, after making an investigation, denied all liability on the sole ground that Young was not an assured within the meaning of the policy. Whether Young was so covered is the controlling question, and in view of our holding in that regard the defendant's other contentions cannot be sustained.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied March 25, 1958.