[L. A. No. 25433.   In Bank.   July 10, 1959.]

ADA E. DAVIS et al., Appellants, v. R. R. KENDRICK, Respondent.

Simmons & Simmons and Herbert W. Simmons, Jr., for Appellants.

Roger Arnebergh, City Attorney (Los Angeles), and William B. Burge, Deputy City Attorney, for Respondent.

GIBSON, C. J.—This action was brought to recover damages for wrongful death allegedly caused by an assault and battery committed by defendant policeman while engaged in his regularly assigned duties as a member of the police department of the city of Los Angeles. A summary judgment was entered in favor of defendant because plaintiffs had not filed a claim with the city clerk.

Section 376 of the Los Angeles City Charter provides that no suit shall be brought on any claim for money or damages against the city "or any officer or board of the city" until a demand has been presented in the manner provided in the charter, and section 363, with certain exceptions not relevant here, requires that every claim shall be filed with the city clerk.[1] Section 5 of the charter provides that the "officers of the city" shall be certain specified officials and such "other officers as shall be named by ordinance."[2] Policemen are not included among the officials enumerated in section 5, and there is no claim that they have been designated as officers of the city by any ordinance.

Under common law policemen and other peace officers are not immune from liability for wrongful acts causing per-

---

[1]Section 376 of the Los Angeles City Charter provides in part: "No suit shall be brought on any claim for money or damages against the City of Los Angeles, or any officer or board of the city, until a demand for the same has been presented, as herein provided, and rejected in whole or in part. . . ."

Section 363 of the Los Angeles City Charter states in part: "Every claim for money or damages against the city, or any officer, board or department thereof . . . shall be filed with the City Clerk, . . ."

[2]Section 5 of the Los Angeles City Charter provides: "The officers of the City shall be: A Mayor, The Members of the Council, A City Attorney, A City Clerk, A Controller, A City Engineer, A City Administrative Officer, A Purchasing Agent, A Secretary of the Board of Public Works, A Treasurer, The Members of the Board of Education, A City School Superintendent, The Members of the Boards of the Departments and the Chief Administrative Officer of each Department. Such other officers as shall be named by ordinance."

sonal injury or death (*Appier* v. *Hayes*, 51 Cal.App.2d 111 [124 P.2d 125]; note, 60 A.L.R.2d 873, 879-883), and a charter provision requiring the filing of a claim as a condition precedent to suit would constitute a limitation of common-law liability if made applicable to them with respect to such acts. Sections 363 and 376 should not be interpreted as having this effect unless an intent to impose the limitation clearly appears.

In order to ascertain the meaning of the term "officers of the city" as used in the charter, the sections which require the filing of a claim against such persons must be read with the provisions of section 5 which specify the officials who come within that term. Section 5 is obviously in the nature of a definition, and, in determining who come within the term as used in the sections which require the filing of a claim, a litigant is entitled to look to section 5 as setting forth the persons referred to in the claim sections. When the three sections are read together, it is clear that a policeman was not intended to be an officer of the city within the meaning of sections 363 and 376 and that the filing of a claim was not a condition precedent to the maintenance of plaintiffs' action.

Defendant relies on decisions holding that an officer, as distinguished from a mere employee, exercises a part of the sovereign power of the state and that policemen, in view of their powers and duties, have the status of public officers. (*Logan* v. *Shields*, 190 Cal. 661, 664-665 [214 P. 45]; *Michel* v. *Smith*, 188 Cal. 199, 201 [205 P. 113]; *Estrada* v. *Indemnity Ins. Co.*, 158 Cal.App.2d 129, 134 [322 P.2d 294]; *City of Oakland* v. *Lyckberg*, 95 Cal.App. 71, 72-73 [272 P. 606]; *Noble* v. *City of Palo Alto*, 89 Cal.App. 47, 52 [264 P. 529]; cf. *Brown* v. *Boyd*, 33 Cal.App.2d 416, 422 [91 P.2d 926]; *Coulter* v. *Pool*, 187 Cal. 181, 187 [201 P. 120].) These cases, however, must be considered in the light of the problems there involved, and none of them dealt with charter provisions like those under consideration here. The fact that a policeman may be deemed a public officer for some purposes is not decisive of our problem, which is whether a policeman is an officer of the city within the meaning of sections 363 and 376 of the charter. (Cf. *Pockman* v. *Leonard*, 39 Cal.2d 676, 683 [249 P.2d 267]; *Martin* v. *Riley*, 20 Cal.2d 28, 35 [123 P.2d 488]; *Spreckels* v. *Graham*, 194 Cal. 516, 530 [228 P. 1040]; *Schaefer* v. *Superior Court*, 113 Cal.App.2d 428, 436, 437 [248 P.2d 450].)

*Willmon* v. *Powell*, 91 Cal.App. 1, 9 [266 P. 1029], furnishes no support for defendant's position. In that case mandamus was granted to compel the treasurer of the city of Los Angeles

to sign bonds which the municipal housing commissioners sought to have issued in the name of the city. One of the arguments made by the treasurer was that the commissioners, who were not named in section 5 of the charter, were not public officers but a private group. In rejecting this argument, the court held that the commissioners were public officers in view of their powers and duties. The case did not involve the effect to be given to section 5 in construing provisions of the charter containing the words "officers of the city." Thus the decision is of no assistance where, as here, the determinative consideration is whether a person is entitled to conclude that section 5 governs the scope of the term "officers of the city" when used, without indication of a different meaning, in other sections of the charter such as those relating to the filing of claims.

The cases of *Whitson* v. *LaPay*, 153 Cal.App.2d 584, 586, 588-589 [315 P.2d 45], *Klimper* v. *City of Glendale*, 99 Cal. App.2d 446, 452 [222 P.2d 49], and *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407, 409 [217 P.2d 984], are clearly distinguishable, since they involved ordinances which, unlike the charter provisions here, barred an action against any city employee unless a claim was filed.

The judgment is reversed.

Shenk, J., Schauer, J., Spence, J., and Peters, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment, for the reasons expressed by Mr. Justice Herndon in the opinion prepared by him for the District Court of Appeal in *Davis* v. *Kendrick*, (Cal.App.) [336 P.2d 247].