[Civ. No. 17834. Fourth Dist., Div. Two. Aug. 2, 1977.]

LAWRENCE NEIGEL, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
CITY OF SAN BERNARDINO, Real Party in Interest.

## COUNSEL

Welebir, Brunick & Taylor and William J. Brunick for Petitioner.

No appearance for Respondent.

Ralph H. Prince, City Attorney, and Robert W. Kelly, Deputy City Attorney, for Real Party in Interest.

## OPINION

**TAMURA, Acting P. J.**—Petitioner, a police officer of the City of San Bernardino, was elected to the governing board of the San Bernardino City Unified School District. The question posed by this proceeding is whether a policeman is a "person holding a salaried office" of the city within the meaning of section 225 of the city charter (hereafter section 225) declaring that a person holding such office who accepts any other governmental office described in the section shall be deemed to have vacated the office held under city government.[1]

---

[1]The text of section 225 is as follows: "No person holding a salaried office of this City, whether by election or appointment, shall hold any other office of honor, trust or emolument under the Government of the United States, or of this State, except the office of Notary Public, Court Commissioner, or an office in the National Guard, and any person holding any salaried office of this City, who, during his term of such office, shall accept or hold any other office as aforesaid, except that of Notary Public, Court Commissioner, or in the National Guard, shall be deemed thereby to have vacated the office held by him under this City Government, and the same shall immediately become vacant."

Section 225 was adopted by the city electorate on January 9, 1905.

Petitioner filed an action for declaratory relief in the superior court seeking an adjudication that section 225 was inapplicable and to have the city enjoined from invoking it against him. The cause was submitted on the following stipulated facts:

Petitioner was employed as a city policeman in 1969 following open competitive examinations and has been continuously so employed ever since. He is a classified employee under a civil service system established pursuant to the charter and rules and regulations promulgated thereunder.

On March 8, 1977, petitioner was elected to the governing board of the San Bernardino City Unified School District and was scheduled to take the oath of office on April 7, 1977.

At an election held on November 2, 1976, the voters of the city rejected a proposition which would have amended section 225 to read as follows: "No salaried officer of this City, whether elected or appointed, shall hold any other office of honor, trust or emolument in state or federal government, except the office of notary public, court commissioner, or an office in the National Guard or United States Military Reserves, or a part time compatible office of any state or federal agency, district, commission, board or like body."

The court rendered a decision in favor of the city holding: Petitioner was an officer within the meaning of section 225; a member of the governing board of the school district is an officer of the State of California; upon becoming a member of the school board, petitioner will vacate "his office of police officer of the City of San Bernardino." Judgment was entered decreeing that section 225 is valid and applicable to petitioner.

Petitioner filed a petition for writ of prohibition/mandate in this court to enjoin the superior court from taking any further action in the matter and to direct it to set aside its judgment. We issued an alternative writ, order to show cause, and a temporary stay order enjoining the city from declaring petitioner's position as a policeman vacant. The city has filed an answer to the petition which, in essence, challenges the jurisdiction of this court to review the action of the court below through the writ procedure.

We have concluded that under the particular facts and circumstances of this case a writ of mandate is an appropriate remedy and that

petitioner is entitled to a peremptory writ directing the trial court to vacate its judgment and to enter an order enjoining the city from applying section 225 to plaintiff.

## I

Insofar as the remedy by prerogative writ is concerned, we would agree with the city that prohibition probably would not lie. The judgment below simply decreed the charter provision applicable to petitioner. No further judicial action is required or alleged to be threatened.

However, mandamus is an appropriate remedy. Even though a judgment is appealable, where the only issue involved is a question of law and the remedy by appeal is inadequate, mandamus is available to review and set aside the judgment and to require the trial court to take appropriate action in the matter. (*Mannheim* v. *Superior Court,* 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17].) This is especially true where the public interest demands a prompt final determination of the issue. (*Brown* v. *Superior Court,* 5 Cal.3d 509, 514-515 [96 Cal.Rptr. 584, 487 P.2d 1224].)

Petitioner was required by law to take the oath of office on April 7, 1977, for the school board office to which he had been elected. Since the judgment was entered on March 31, 1977, remedy by way of appeal was manifestly inadequate. There are no factual issues; the only question is the applicability of section 225 to a policeman. If the charter provision is inapplicable to petitioner, the court was under a legal duty to so declare and to enjoin the city from in any manner invoking it against him. Finally, prompt resolution of the controversy is important, not only to petitioner but to the inhabitants of the city, particularly to the people who voted petitioner into the school board office. In these circumstances, mandate is an appropriate remedy to review the legal issue presented and, should we decide in petitioner's favor, to compel the trial court to grant him the relief sought. (See *Mannheim* v. *Superior Court, supra,* 3 Cal.3d 678, 685-686.)

## II

The sole issue is whether petitioner, by virtue of his employment as a city policeman, is a "person holding a salaried office" of the city within the meaning of section 225.

The city relies on cases holding that a policeman falls within the category of a public officer because he is entrusted with the duty and power to exercise a part of the sovereign governmental powers of the entity for which he is acting. (*Logan* v. *Shields,* 190 Cal. 661, 664-665 [214 P. 45]; *Estrada* v. *Indemnity Ins. Co.,* 158 Cal.App.2d 129, 134-135 [322 P.2d 294]; *Brown* v. *Boyd,* 33 Cal.App.2d 416, 422 [91 P.2d 926]; *Noble* v. *City of Palo Alto,* 89 Cal.App. 47, 52 [264 P. 529]; see 3 McQuillin, Municipal Corporations (3d ed. rev.) § 12.30, p. 175.) However, the fact that policemen have been held to be public officers for certain purposes does not lead inevitably to the conclusion that they are "officers" for all purposes. (*Davis* v. *Kendrick,* 52 Cal.2d 517, 519 [341 P.2d 673].) The meaning of the words "officer" or "official" varies with the conditions and circumstances in which they are used. (*Davis* v. *Kendrick, supra,* 52 Cal.2d 517, 519; *Pockman* v. *Leonard,* 39 Cal.2d 676, 683 [249 P.2d 267], app. dism., 345 U.S. 962 [97 L.Ed. 1381, 73 S.Ct. 951]; *Martin* v. *Riley,* 20 Cal.2d 28, 34 [123 P.2d 488]; *Estrada* v. *Indemnity Ins. Co., supra,* 158 Cal.App.2d 129, 134.)

Section 225 provides that no "person holding a salaried office of this City, whether by election or appointment," shall hold any other governmental office described and declares that any such person who, "during his term of such office," shall accept such other governmental office "shall be deemed thereby to have vacated the office held by him under this City Government, and the same shall immediately become vacant." Although the charter does not define the word "office," it does provide for various elective and appointive officers such as mayor, councilmen, city attorney, city assessor, treasurer, city engineer, superintendent of streets, chief of police, chief engineer of the fire department, and members of various boards and commissions established by the charter. Those persons occupy policy-making positions; they are elected or appointed for either a prescribed term or serve at the pleasure of the appointing authority; and their duties and powers are prescribed by the charter. Section 225 was manifestly intended to apply to such persons.

Policemen, however, are employed pursuant to open competitive civil service examinations and are referred to in the charter as classified employees. They do not serve either for a definite "term" or at the pleasure of the appointing authority; their duties are not prescribed by the charter;[2] nor are they clothed with policy-making authority. In these circumstances, we do not deem a policeman to be a "person holding a salaried office of this City" in the context of section 225.

---

[2]The charter does define the powers and duties of the chief of police.

Section 225 expresses the common law principle that acceptance by a public officer of another office which is incompatible with the first automatically vacates the first office. (See *People* ex rel. *Chapman* v. *Rapsey,* 16 Cal.2d 636, 641-642 [107 P.2d 388]; 3 McQuillin, Municipal Corporations, *supra,* § 12.67, pp. 295-302.) By prescribing that acceptance of any other defined governmental office will result in automatic vacation of a city office, the section avoids the problem of determining incompatibility on a case by case method. The doctrine of incompatibility, however, remains a relevant consideration in determining whether the section was intended to apply to a policeman. The doctrine rests on the rationale that public policy demands that an office holder discharge his duties with undivided loyalty and that two offices cannot be held by one person where, from the potential antagonistic character of the offices, the public interest may suffer. (3 McQuillin, Municipal Corporations, *supra,* § 12.67, pp. 295-296.) We see nothing in the nature of the duties and powers of a policeman which would be inherently inconsistent or incompatible with the duties of a school board member. (*State* v. *Bus,* 135 Mo. 325 [36 S.W. 636, 639-640].)

We conclude that a policeman is not a "person holding a salaried office" of the city within the meaning of section 225.

Let a peremptory writ of mandate issue directing the superior court to vacate its judgment, enter a judgment decreeing that section 225 does not apply to petitioner, and to issue an order enjoining the city from in any manner invoking it against petitioner by reason of his acceptance of the office of school board member of the San Bernardino City Unified School District.

Kaufman, J., and Morris, J., concurred.