TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

OPINION

of

DANIEL E. LUNGREN
Attorney General

ANTHONY S. DaVIGO
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 91-101

JUNE 4, 1991

---

This office has been requested to grant leave to sue in quo warranto upon the following

ISSUES OF FACT OR LAW

Is the position of Fire Division Chief of the City of Ontario a public office? If so, is that office incompatible with membership on the city council of the City of Ontario?

DISPOSITION

The position of Fire Division Chief of the City of Ontario is not a public office; consequently, no substantial issue of law is presented as to whether that position is incompatible with membership on the City Council of the City of Ontario. Accordingly, leave to sue in quo warranto is DENIED.

THE PARTIES

JAMES PERKINS ("relator") contends that JIM W. BOWMAN ("defendant") is unlawfully serving as a Fire Division Chief for the City of Ontario.

MATERIAL FACTS

Prior to November 1990, defendant was appointed to and assumed and now continues to occupy the position of Fire Division Chief of the City of Ontario. At the general election of November 6, 1990, defendant was elected to and qualified and entered upon and now continues to occupy and to exercise the privileges of the office of member of the city council of the City of Ontario.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of this state, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution, *and* where the action in quo warranto would serve the overall public interest of the People of this state. (74 Ops.Cal.Atty.Gen. 26 (1990).)

The application for leave to sue concerns the common law doctrine of incompatible public offices. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) In 73 Ops.Cal.Atty.Gen. 183, 183-184 (1990), we summarized the following considerations:

> "Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other. (38 Ops.Cal.Atty.Gen. 113 (1961); see generally, People *ex rel* Chapman v. Rapsey (1940) 16 Cal.2d 636, 641-642; . . .)

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> ". . . A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. (People ex rel. Chapman v. Rapsey, *supra*, 16 Cal.2d 636, 644.) Both positions, however, must be offices. If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply. (See 58 Ops.Cal.Atty.Gen. 109, 111 (1975).)"

For purposes of the doctrine, we have summarized the nature of a public office as (1) a position in government, (2) which is created or authorized by the Constitution or by law, (3) the tenure of which is continuing and permanent, not occasional or temporary, (4) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state. (73 Ops.Cal.Atty.Gen., *supra,* 184; 68 Ops.Cal.Atty.Gen., *supra*, 342.)

In *Schaefer v. Superior Court* (1952) 113 Cal.App.2d 428, 432-433, the court clarified the meaning of "sovereign powers of the state" as follows:

> "If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the State, if the appointee is invested with independent power in the disposition of public property or with the power to incur financial obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state."

We have previously determined that a member of a city council holds a public office for purposes of the incompatibility of offices doctrine. (73 Ops.Cal.Atty.Gen. 354, 356 (1990).) The first issue to be determined is whether the position of Fire Division Chief is such an office as distinguished from an employment. The personnel office of the city has described the position in the following terms:

"The Fire Division Chief works within a team environment and is responsible for supervisory and administrative work which could be assigned to 1 of 3 major Divisions: Fire Safety Control, Fire Operations/Personnel Development, or Technical/Support Services. This position may perform as the Water Officer for the Department, and may have the additional responsibility for Capital Improvement and Facility/Project coordination."

The following is contained within the city's job description document for the position:

## "DEFINITION

"This position is responsible for supervisory and administrative work in commanding and coordinating fire prevention, fire fighting and fire inspection activities. *Under supervision of the Assistant Fire Chief,* this position plans, coordinates and directs major administrative functions of the Fire Department, serves as commander of an assigned platoon of fire fighters and directs fire fighting activities at the scene of major fire emergencies. *Employees* of this class work independently and must make decisions exercising technical and managerial judgement. Work is reviewed through conferences and reports.

## "TYPICAL EXAMPLES OF WORK

"Plans and directs the activities of a Fire Department division; develops plans for attacking fires of various characteristics; plans and coordinates maintenance of departmental apparatus, equipment and facilities; determines training needs, designs training plans and oversees administration of training to ensure a high state of departmental readiness; inspects men and equipment to ensure a high state of departmental readiness. Prepares equipment specifications and coordinates purchasing of supplies and equipment; responds to major fires and directs fire fighting activities until relieved by a superior officer; prepares budget submissions for assigned units and functions; prepares or reviews necessary reports and records; responds to major alarms when off duty; performs related work as required." (Emphases added.)

In 68 Ops.Cal.Atty.Gen., *supra*, 347, we determined that a Fire Captain II of a community services district was not a public officer for purposes of the incompatibility of public offices doctrine.[1] We determined that while every firefighter performs a function which protects and benefits the public, the performance dimensions of the position do not ordinarily involve an exercise of the sovereign powers of the state (*id.*, 347):

---

[1] In *Humbert v. Castro Valley County Fire Protection District* (1963) 214 Cal.App.2d 1, the court held that a fire captain was a public officer. In our opinion, we distinguished that case on the ground that it did not involve the incompatibility of public offices doctrine, but instead involved procedural rights upon termination of employment. As noted in *Neigel v. Superior Court* (1977) 72 Cal.App.3d 373, 378: "[T]he fact that policemen have been held to be public officers for certain purposes does not lead inevitably to the conclusion that they are `officers' for all purposes. (Citation.) The meaning of the words `officer' or `official' varies with the conditions and circumstances in which they are used. (Citations.)"

"... In the absence of any information that a Fire Captain II has been authorized to exercise such powers as disposing of district property, incurring financial obligations on behalf of the district, or acting on behalf of the district in business or political matters or similar powers in which he acts directly on behalf of the district, we assume a Fire Captain II is not authorized to exercise sovereign powers of the state."

Similarly, there is no evidence that a Fire Division Chief exercises any such sovereign powers. In the absence of this essential element, it is determined that the position of Fire Division Chief is a public employment and not an office. Consequently, the doctrine of incompatible public offices does not apply.

Two related statutory provisions would not give rise to an action for forfeiture of office. First, Government Code section 1126, which provides that "... a local agency officer or employee shall not engage in any employment . . . which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee . . .", does not provide, even in the case of a perceived actual conflict, to the automatic forfeiture of either office. (Cf. 66 Ops.Cal.Atty.Gen. 382, 386-389 (1983).) Rather, it is the province of the local agency to determine those activities which, for employees under its jurisdiction, are incompatible, and to prescribe appropriate disciplinary action for engagement in those activities.[2]

Second, it is inevitable that defendant will have occasional conflicts of interest when performing his dual responsibilities. For example, issues of budgetary priorities, employment decisions including layoffs and disciplinary actions against defendant's superiors, would be expected to challenge his interests as both an officer and an employee of the city. Government Code section 1090 prohibits any city officer or employee from being financially interested in any contract made by them in their official capacity, or by any body of which they are a member. As we have noted with respect to a person holding the position of teacher in a school district and a position as a member of the school board of that district (73 Ops.Cal.Atty.Gen. 191 (1990)), Government Code section 1090 would require abstention from participation in contracts in which defendant's financial interests would be implicated, and would preclude a change in his employment relationship with the city, such as by promotion. (*Eldridge v. Sierra View Local Hospital Dist.* (1990) 224 Cal.App.3d 311, 321.) In addition, Government Code section 87100 prohibits a public official from making or participating in the making of a governmental
decision in which the official knows or has reason to know he has a financial interest. ( 7 0 Ops.Cal.Atty.Gen. 45, 46 (1987).)[3]

Nevertheless, for purposes of this application for quo warranto, neither section 1090 nor 87100 of the Government Code causes a forfeiture of office. (See, 66 Ops.Cal.Atty.Gen., *supra*, 389.) In addition to prescribed statutory sanctions (Gov. Code, §§ 1097, 91000), a grand jury

---

[2]Further, Government Code section 1126 does not authorize any control over the outside activities of *elected* city council members, and thus that section would not be applicable. (64 Ops.Cal.Atty.Gen. 795, 800 (1981); 68 Ops.Cal.Atty.Gen., *supra*, 353.)

[3]The general common law conflict of interest rule strictly requires public officers to avoid placing themselves in a position in which personal interest may come into conflict with their duty to the public. (*Noble* v. *City of Palo Alto* (1928) 89 Cal.App. 47, 51-52; 70 Ops.Cal.Atty.Gen. 45, 47 (1987); 46 Ops.Cal.Atty.Gen. 74, 86 (1965).) Thus, California courts have traditionally predicated conflict of interest decisions on the dual basis of statutory restrictions and public policy constraints evolved from common law principles. (*Id.* at 77.)

accusation (Gov. Code, § 3060) or recall by the electorate (Elec. Code, § 27000 *et seq.*) based upon misconduct while in office are available as appropriate remedies if the individual did not voluntarily cease one of the conflicting activities. (73 Ops.Cal.Atty.Gen., *supra,* 196; 70 Ops.Cal.Atty.Gen. 157, 166-167 (1987).)

It is concluded that this application for leave to sue fails to present any substantial issue of law or fact.

\* \* \* \* \*