TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 23-1101 |
| of | : | |
| | : | May 1, 2024 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| HEATHER THOMAS | : | |
| Deputy Attorney General | : | |

The HONORABLE DAVID PRENTICE, County Counsel for the County of San Benito, has requested an opinion on a question relating to the incompatibility of two public offices held by the same person.

## QUESTION PRESENTED AND CONCLUSION

May the same individual lawfully serve as a member of both the San Benito County Planning Commission and San Benito County Board of Education?

No. Under Government Code section 1099, which prohibits the same individual from holding incompatible public offices, the same individual may not lawfully serve as a member of both the San Benito County Planning Commission and the San Benito County Board of Education.

## BACKGROUND

Under California's Planning and Zoning Law, each county must create a planning agency to carry out designated planning and land use functions.[1] "Planning agency" "is a

---

[1] Gov. Code, §§ 65000, 65100; California State Association of Counties, *Planning*,

1

23-1101

generic term that applies to whichever body performs the designated planning functions."[2]  The planning agency in San Benito County includes the Planning Commission, which makes recommendations "to the Board of Supervisors regarding any proposed master or general plan for the physical development of the county," among other duties.[3]  The general plan is "a comprehensive, long-term . . . plan for the physical development of the county" that designates uses of land in the county for various purposes, including for education, public buildings, and grounds.[4]  The Planning Commission prepares, reviews, and revises the general plan, and implements it through the administration of specific plans and zoning and subdivision ordinances.[5]  The Planning Commission also reviews public works projects of other local agencies for consistency with the general plan, and it consults with and advises public officials about the general plan's implementation.[6]  In addition to its duties regarding the general plan, the Planning Commission approves, modifies, or denies conditional use permits and variances; hears and decides proposals to revoke permits; hears and decides appeals of decisions of the Planning Director; and considers and adopts environmental determinations on any approvals that are subject to environmental review under the California Environmental Quality Act (CEQA).[7]

The San Benito County Office of Education oversees "the financial, educational, credential monitoring, and operational success of 11 independently-governed public school districts in the county—who in turn educate more than 11,000 students in 22 schools."[8]  The Office of Education includes both the Board of Education and the County Superintendent of Schools.[9]  The Board of Education is the "policy-making body" of the

---

https://www.counties.org/county-office/planning (as of May 1, 2024).

[2] *Ibid*.  Further, under Government Code section 65100, the planning agency may be a planning department, one or more planning commissions, administrative bodies or hearing officers, the legislative body itself, or any combination thereof.

[3] San Benito County Code of Ordinances, §§ 3.05.050, 3.05.051, subd. (B)(1).

[4] Gov. Code, §§; 65300; 65302, subd. (a); 79 Ops.Cal.Atty.Gen. 155 (1996).

[5] Gov. Code, § 65103, subds. (a), (b); San Benito County Code of Ordinances, § 3.05.051, subd. (B)(2).

[6] Gov. Code, § 65103, subds. (c), (e).

[7] San Benito County Code of Ordinances, §§ 25.01.006, subd. (C); 25.01-A.

[8] San Benito County Office of Education, *2019-2024 Strategies for the Future*, p. 3, https://www.sbcoe.k12.ca.us/files/user/26/file/Strategies%20for%20Future%20-%20Final%20Print.pdf (as of May 1, 2024) (hereafter Strategies for the Future).

[9] San Benito County Office of Education Board Policies, *BP 000 – Purpose*, Board

23-1101

office, and its duties include certain oversight functions over the County Superintendent, such as adopting the rules that govern the administration of the office.[10]  The San Benito County superintendent of schools "is an elected official who administers the operation of the County Office of Education as an intermediate service unit for all elementary and secondary school districts" within the county.[11]  A county board of education, or a county superintendent with the approval of the county board of education, may establish and maintain direct educational services such as community schools and emergency schools.[12]

Our requestor, the San Benito County Counsel, has asked us to opine whether the two county offices described above are incompatible public offices, such that the same individual may not lawfully hold both under Government Code section 1099.[13]  The request was accompanied by a memorandum that concluded the offices were incompatible.[14]  The memorandum cited numerous potentially conflicting planning commission duties concerning the approval, investigation, review or evaluation of school sites or real property for school purposes.[15]  We did not receive any further comment.

In a 1996 opinion published before the Legislature codified the prohibition against holding incompatible public offices, we concluded, albeit for a different county, that the offices of county planning commission and county board of education were incompatible under the pre-existing common law doctrine regarding incompatible offices.[16]  For the reasons that follow, we reaffirm that earlier conclusion.

---

Policy | SBCOE BP (iescentral.com) (as of May 1, 2024).

[10] Ed. Code, §§ 1042, subds. (a), (b); 1040, subds. (c), (d), (e); 41020; San Benito County Office of Education, *San Benito County Office of Education Meetings*, https://www.sbcoe.k12.ca.us/District/1273-Board-of-Education.html (as of May 1, 2024).

[11] San Benito County Office of Education, *County Superintendent*, https://www.sbcoe.k12.ca.us/District/1116-Untitled.html (as of May 1, 2024).

[12] Ed. Code, §§ 1980; 1986, subd. (b); 1920.

[13]  David Prentice, County Counsel, Office of the [San Benito] County Counsel, letter to Marc J. Nolan, Senior Assistant Attorney General, Office of the Attorney General, Nov. 7, 2023.

[14] Ekram Brar, Deputy County Counsel, Office of the [San Benito] County Counsel, Memorandum Opinion to Planning Commissioners Gibson, Scagliotti, Bianchi, Way and Toledo-Bocanegra, Sept. 13, 2023.

[15] *Id.* at pp. 2-3

[16] 79 Ops.Cal.Atty.Gen., *supra*, at p. 155.

3

23-1101

## ANALYSIS

**Government Code Section 1099**

For many years, the doctrine of incompatible offices was developed and analyzed under the common law. In 2005, the Legislature codified the common law rule by enacting Government Code section 1099.[17] Subdivision (a) of that section states:

> (a) A public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible. Offices are incompatible when any of the following circumstances are present, unless simultaneous holding of the particular offices is compelled or expressly authorized by law:
>
> (1) Either of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body.
>
> (2) Based on the powers and jurisdiction of the offices, there is a possibility of a significant clash of duties or loyalties between the offices.
>
> (3) Public policy considerations make it improper for one person to hold both offices.[18]

In an uncodified section of the bill that enacted Government Code section 1099, the Legislature declared that the statute was not intended to expand or contract the common law prohibition against holding incompatible public offices, and that interpretation of the statute "shall be guided by judicial and administrative precedent concerning incompatible public offices developed under the common law."[19] We thus look both to Government Code section 1099 and to precedent established under the common law in conducting our analysis.

**Public Offices**

We first observe that the prohibition against holding incompatible offices applies only to "public offices," and not to positions of employment.[20] Under Government Code

---

[17] Added by Stats. 2005, ch. 254, § 1, eff. Jan. 1, 2006.

[18] Gov. Code, § 1099, subd. (a).

[19] Stats. 2005, ch. 254, § 2.

[20] Gov. Code, § 1099, subds. (a), (c); *People ex rel. Chapman v. Rapsey* (1940) 16 Cal.2d 636, 639-640 (*Rapsey*); *Eldridge v. Sierra View Local Hospital District* (1990) 224

4

section 1099(a), "public office" expressly includes membership on a governmental board, commission, or other body, which would include the two positions at issue here.[21]

Section 1099(a)'s inclusion of such positions in its definition of "public officer" squares with our previous determinations that the positions of county planning commission member and county board of education member meet the common-law standard for determining whether a given governmental position is a public office.[22] That standard characterizes a public office as "a position in government (1) which is created or authorized by the Constitution or some law; (2) the tenure of which is continuing and permanent, not occasional or temporary; (3) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state."[23]

---

Cal.App.3d 311, 319 (doctrine does not apply where one position is a public office and the other an employment). Whether a particular position is an office or one of employment depends not on its formal designation, but rather on its powers, duties, and functions. (See *Rapsey*, *supra*, 16 Cal.2d at pp. 639-640; 76 Ops.Cal.Atty.Gen. 244, 246, 247 (1993); 68 Ops.Cal.Atty.Gen. 337, 340 (1985).) A position may be a public office for some purposes but not for others. (*Neigel v. Sup. Ct.* (1977) 72 Cal.App.3d 373, 378; 87 Ops.Cal.Atty.Gen. 54, 57 (2004).)

[21] See also 68 Ops.Cal.Atty.Gen., *supra*, at p. 344 (citing cases decided under the common law doctrine declaring that members of governing boards of public districts or entities are public officers).

[22] 79 Ops.Cal.Atty.Gen., *supra*, at p. 157 (finding both positions to be public offices); 104 Ops.Cal.Atty.Gen. 47, 50-51 (2021) (county board of education member); 104 Ops.Cal.Atty.Gen. 66, 69 (2021) (same); 104 Ops.Cal.Atty.Gen. 58, 61 (2021); Indexed Letter, No. IL 13-302 (June 11, 2013) (same); 64 Ops.Cal.Atty.Gen. 288 (1981) (county planning commissioner); 63 Ops. Cal.Atty.Gen. 607, 608 (1980) (same).

[23] 68 Ops.Cal.Atty.Gen., *supra*, at p. 342; accord, 95 Ops.Cal.Atty.Gen. 77, 78 (2012); 93 Ops.Cal.Atty.Gen. 144, 148 (2010); 93 Ops.Cal.Atty.Gen. 104, 105 (2010); 82 Ops.Cal.Atty.Gen. 83, 84 (1999); 74 Ops.Cal.Atty.Gen. 116, 118 (1991); see also *Moore v. Panish* (1982) 32 Cal.3d 535, 545 (public office is not transient, and requires delegation to the office of some portion of the sovereign functions of government). The state's sovereign powers include police powers, acquiring and disposing of public property, incurring financial obligations on behalf of the public agency, and acting on behalf of the public agency in business or political matters. (*Schaefer v. Super. Ct.* (1952) 113 Cal.App.2d 428, 432-433.) Further, although an office must have some permanence and continuity, "these terms do not refer to the tenure of the appointed officer, but apply to the permanency and continuity of the office itself." (*Cerini v. City of Cloverdale* (1987) 191 Cal.App.3d 1471, 1478.)

23-1101

The authority to make policy or to exercise independent judgment and discretion is also the hallmark of an officer, as opposed to an employee.[24]

A county planning commissioner is a governmental position created by statute.[25] Each member of the San Benito County Planning Commission serves a continuing and permanent tenure.[26] As noted above, planning commissioners perform a public function and exercise some sovereign powers by approving, modifying, or denying conditional use permits and variances; hearing and deciding proposals to revoke permits; hearing and deciding appeals of decisions of the Planning Director; and considering and adopting environmental determinations on any approvals that are subject to environmental review under CEQA.[27]

Similarly, county boards of education are established by the California Constitution and by statute.[28] The San Benito County Board of Education consists of five members elected to four-year terms apiece, serving terms of a permanent and continuing nature.[29] And a county board of education performs public functions and exercises sovereign powers by engaging in oversight duties over the office of the county superintendent; establishing rules under which school districts may purchase school supplies and equipment, as specified; and, when operating community or emergency schools, directly educating students.[30]

Having established that both positions are public offices, we now turn to whether they are incompatible within the meaning of Government Code section 1099, such that the same person may not lawfully hold both at once.

**Incompatibility**

Under section 1099 and established precedent, a person may not simultaneously hold two public offices if either one exercises a supervisory, auditing, or removal power over the other; if there is a potential for a significant clash of duties or loyalties between

---

[24] 94 Ops.Cal.Atty.Gen. 1, 2-3, fn. 10 (2011); 87 Ops.Cal.Atty.Gen. 142, 145 (2004).

[25] Gov. Code, § 65100; San Benito County Code of Ordinances, §§ 3.05.050, 3.05.051.

[26] San Benito County Code of Ordinances, § 3.05.050, subds (A), (B).

[27] San Benito County Code of Ordinances, §§ 25.01.006, subd. (C); 25.01-A; 3.05.051, subd. (B)(2).

[28] Cal. Const. art. 9, § 7; Educ. Code, § 1000, subd. (a).

[29] Strategies for the future, *supra*.

[30] 56 Cal.Jur 3d (2024) Schools, § 41; Ed. Code, §§ 1980; 1986, subd. (b); 1920.

23-1101

the offices; or if the dual office holding would be improper for reasons of public policy.[31] It is well established that a "past or present conflict in the performance of the duties of either office is not required for a finding of incompatibility; rather, it is sufficient that a conflict *may* occur 'in the regular operation of the statutory plan.'"[32]  Nor is it necessary that a potential clash of duties exists in all or in the greater part of the official functions; it is enough when the holder of the two offices cannot in every instance discharge the duties of each with undivided loyalties.[33]  Thus, only "one potential significant clash of duties or loyalties is necessary to make offices incompatible."[34]  Abstention does not cure the incompatibility or obviate the effects of the prohibition.[35]

While the Legislature may abrogate the rule against holding incompatible public offices for any offices that it chooses, no express or implied abrogation exists with respect to the offices at issue here.[36]  We must therefore examine the functions and duties of these offices to see whether they are legally incompatible.[37]

---

[31] Gov. Code, § 1099, subd. (a); *Rapsey*, *supra*, 16 Cal.2d at pp. 641-642; 90 Ops.Cal.Atty.Gen. 24, 26 (2007).

[32] 87 Ops.Cal.Atty.Gen., *supra*, at p. 145, quoting 66 Ops.Cal.Atty.Gen. 176, 177 (1983); see also 75 Ops.Cal.Atty.Gen. 112, 116 (1992) (lack of actual disputes or negotiations between two public entities immaterial to application of doctrine); 63 Ops.Cal.Atty.Gen. 623 (absence of significant interactions between city and airport district not determinative; potential interaction sufficient to render offices incompatible). The incompatible offices prohibition "does not await the occurrence of a prohibited clash before taking effect, but intercedes to prevent it." (93 Ops.Cal.Atty.Gen., *supra*, at p. 111.)

[33] *Rapsey*, *supra*, 16 Cal.2d at pp. 641, 642.

[34] 85 Ops.Cal.Atty.Gen. 60, 61 (2002); see also 37 Ops.Cal.Atty.Gen. 21, 22 (1961).

[35] 85 Ops.Cal.Atty.Gen. 239, 240 (2001); 66 Ops.Cal.Atty.Gen., *supra*, at pp. 177-178 (1982); see also 63 Ops.Cal.Atty.Gen. 710, 715-716 (1980).

[36] Gov. Code, § 1099, subd. (a); *American Canyon Fire Protection Dist. v. County of Napa* (1983) 141 Cal.App.3d 100, 104; *McClain v. County of Alameda* (1962) 209 Cal.App.2d 73, 79; 95 Ops.Cal.Atty.Gen. 130, 134 (2012).

[37] As Government Code section 1099(b) provides, the consequence of holding incompatible offices is that the person is deemed to have forfeited the first office upon acceding to the second.  A person's assumption of the second incompatible office thus has the effect of an automatic resignation from, or vacation of, the first office.  (*Rapsey*, *supra*, 16 Cal.2d at p. 644; 98 Ops.Cal.Atty.Gen. 94, 96 (2015); 95 Ops.Cal.Atty.Gen. 67, 73, fn. 29 (2012); 85 Ops.Cal.Atty.Gen., *supra*, at p. 61; 66 Ops.Cal.Atty.Gen., *supra*, at p. 178; 38 Ops.Cal.Atty.Gen. 121, 125 (1961).)  As Government Code section 1099(b)

23-1101

While neither public office has auditing or supervisory powers over the other, we do perceive a number of ways these public offices present possible significant clashes of duties and loyalties. First, there may be occasions where an action of the county board of education comes under review by the county planning commission. As noted above, the San Benito County Planning Commission approves, modifies, or denies conditional use permits and variances, and it considers and adopts environmental determinations on any approvals that are subject to CEQA. The San Benito County Board of Education, either alone or in conjunction with the county superintendent, may establish a school facility such as a county community school or a county emergency school.[38] If the board of education chooses to develop or construct such a school facility on a site that requires the planning commission to issue a permit or consider and adopt environmental determinations under CEQA, this would result in an action by one office that requires review by a different office—an action that would result in divided loyalties for a dual office holder.

Second, these governmental bodies participate in land-use decisions in the same county, thereby exercising jurisdiction over the same geographic area. As we noted in 1996, a county planning commission and a county board of education "both have an interest in the location of educational facilities."[39] This is problematic because the planning commission must include educational facilities in its development of the general plan, which itself is implemented through zoning and subdivision ordinances.[40] On the other hand, because county boards of education are deemed school districts for purposes of the maintenance and operation of community schools, and because school districts can issue zoning exemptions, as specified, the county board of education may issue a county zoning exemption when establishing and maintaining community schools.[41] The

---

further provides, the forfeiture of office is enforceable under Code of Civil Procedure section 803. An action filed under Code of Civil Procedure section 803 is known as a quo warranto action, and is the proper legal means for testing title to public office. (*Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225-1226; 93 Ops.Cal.Atty.Gen., *supra*, at p. 145; 81 Ops.Cal.Atty.Gen. 207, 208 (1998).)

[38] Ed. Code, §§ 1920, 1923, 1980, 1986, subd. (b).

[39] 79 Ops.Cal.Atty.Gen., *supra*, at p. 158.

[40] Gov. Code, §§ 65302, subd. (a); 65103, subds. (a), (b).

[41] 79 Ops.Cal.Atty.Gen., *supra*, at p. 158; Ed. Code § 1984 (deeming county boards of education to be school districts for the maintenance and operation of community schools); Gov. Code 53094, subd. (b) (allowing school districts to render a county zoning ordinance inapplicable to a proposed school district use, as specified). While section 53094 does not allow a county board of education to issue zoning exemptions for charter schools, it does allow county boards to issue zoning exemptions for community schools.

8

planning commission may have different priorities from the county board of education with regard to the location of educational facilities, thus resulting in divided loyalties for a person holding public office with both bodies.

Last, both governmental bodies review the actions of the same third party: the county superintendent of schools. The county superintendent may establish certain facilities—such as emergency schools, new or expanded teen pregnancy and parenting programs, or facilities for maintaining and servicing audio-visual services on behalf of school or community college districts—but it must obtain the county board of education's approval to do so.[42] As we have previously observed, "to the extent that land use decisions regarding the placement of school facilities may be made by the county superintendent of schools, the county board of education does have a supervisory role regarding the superintendent's activities."[43] At the same time, in one example of its power, the county planning commission would review decisions a county superintendent might make regarding major public works or real property transactions, for conformity with the general plan, as specified.[44] Further, the county planning commission has powers to approve certain permits, and hear and decide appeals from decisions of the Planning Director. A dual office holder on the county board of education and county planning commission would need to review such land use decisions from the points of view of each body. We conclude that these circumstances all present at least the potential for a significant clash of duties within the meaning of Government Code section 1099.

The preceding is not an exhaustive list, but it does illustrate that holding both offices at once would present numerous potential clashes of duties and loyalties. As noted above, only "one potential significant clash of duties or loyalties is necessary to make offices incompatible."[45] Further, as a matter of public policy, "when the duties of two offices are repugnant or overlap so that their exercise may require contradictory or inconsistent action, to the detriment of the public interest, their discharge by one person is incompatible with that interest."[46]

We conclude that under the prohibition against holding incompatible offices set forth in Government Code section 1099, the same person may not lawfully serve as a

---

(101 Ops.Cal.Atty.Gen. 56, 68, fn. 77 (2018); *San Jose Unified School Dist. v. Santa Clara County Off. of Ed.* (2017) 7 Cal.App.5th 967, 970-984.)

[42] Ed. Code, §§ 1920, 1250, 17293.

[43] 79 Ops.Cal.Atty.Gen., *supra*, at p. 158.

[44] Gov. Code, §§ 65401, 65402.

[45] 85 Ops.Cal.Atty.Gen., *supra*, at p. 61; see also 37 Ops.Cal.Atty.Gen., *supra*, at p. 22.

[46] *People ex rel. Bagshaw v. Thompson* (1942) 55 Cal.App.2d 147, 150; see also 93 Ops.Cal.Atty.Gen., *supra*, at p. 109.

member of both the San Benito County Board of Education and the San Benito County Planning Commission.